# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LEESA CASTANEDA,**

       **Plaintiff,**

v.                                               Case No: 6:22-cv-1141-CEM-EJK

**LUITPOLD
PHARMACEUTICALS, INC.,
AMERICAN REGENT, INC.,
DAIICHI SANKYO, INC.,
DAIICHI SANKYO US
HOLDINGS, INC., and VIFOR
(INTERNATIONAL) AG,**

       **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Alternative Service on Defendant, Vifor (International) AG (the "Motion") (Docs. 18, 19, 20), filed October 5, 2022. Defendant Vifor (International) AG ("Vifor") responded in opposition on October 18, 2022. (Doc. 21.) Upon consideration, the Motion is due to be denied.

## I.  BACKGROUND

Plaintiff filed this Injectafer products liability case on June 30, 2022, and amended the complaint to cure jurisdictional defects on July 26, 2022. (Docs. 1, 10.) On September 14, 2022, Plaintiff's counsel sent a Notice of Lawsuit, Request for Waiver of Service of Summons, and Proposed Waiver of Service of Summons, along

with the operative complaint, to all defense counsel. (Doc. 19 at 4.) On September 23, 2022, Defendants, American Regent, Inc., Daiichi Sankyo, Inc., and Daiichi Sankyo U.S. Holdings, Inc., executed the waivers of service. (Docs. 15, 16.)[1] Relevant to this Motion, on September 24, 2022, Vifor, a Swiss corporation, indicated through counsel that it would not agree to waive service. (Doc. 10 ¶ 18; Doc. 18.)

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff moves to serve Vifor through alternative means, rather than through the Hague Service Convention. (Doc. 19.) Specifically, Plaintiff seeks permission from the Court to serve Vifor's attorney, Heidi Levine, of Sidley Austin LLP, with a copy of the Amended Complaint and summons, via email. (*Id.* at 2.)

Under Federal Rule of Civil Procedure 4(h), a "foreign corporation . . . must be served . . . in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). Under Rule 4(f)(1), that defendant "may be served . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Separately, under Rule 4(f)(3), a court may order a foreign defendant be served "by other means not prohibited by international agreement."

---

[1] It does not appear that Defendant Luitpold Pharmaceuticals, Inc. has been served, as a review of the docket demonstrates Plaintiff has not filed an affidavit of service or waiver of service for it (and the Motion does not otherwise discuss this Defendant). No attorney has appeared on behalf of this Defendant to date.

The parties disagree as to whether Plaintiff must first comply with service on Vifor under the Hague Service Convention or whether it can instead seek Court approval to perfect service using alternative means under Federal Rule of Civil Procedure 4(f)(3). Plaintiff argues that alternative service pursuant to Rule 4(f)(3) in the manner she proposes is permissible, comports with due process requirements, and will avoid unnecessary litigation delay. (Doc. 19). Vifor, on the other hand, asserts that the Hague Service Convention is mandatory in all cases in which it applies, including, it asserts, the present case. (Doc. 21.)

The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention"), provides rules governing service of process abroad between signatory states and "applies in all cases . . . where there is occasion to transmit a judicial or extrajudicial documents for service abroad," except in circumstances where the address of the person to be served with the document is unknown. Hague Service Convention, art. 1; *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F. 3d 916, 922 n.10 (11th Cir. 2003). Both the United States and Switzerland are parties to the Hague Service Convention. *Status Table*, Hague Service Convention (Nov. 3, 2020), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

"[C]ompliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, No. 6:14–cv–249–Orl–41TBS, 2016 WL 7664290, at

\*4 (M.D. Fla. Mar. 7, 2016) (recognizing same). In *Schlunk*, the Supreme Court stated that the Hague Service Convention is applicable "[i]f the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad." *Id.* at 700.

As courts applying Florida law have confirmed, Florida service of process law requires that a foreign corporation doing business in Florida be served by delivering the summons and complaint on the Florida Secretary of State and on the foreign corporation at its overseas office. Fla. Stat. §§ 48.181(1), 48.161; *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1355–56 (S.D. Fla. 2005); *McClenon v. Nissan Motor Corp. in U.S.A.*, 726 F. Supp. 822, 824–25 (N.D. Fla. 1989). Although the issue regarding service under the Hague Service Convention came to the courts in *Vega Glen* and *McClenon* under different procedural circumstances than in this case,[2] the undersigned still finds those cases instructive regarding their analysis of Florida service of process law abroad. Because the applicable Florida Statutes require the transmittal of judicial documents for service abroad, under *Schlunk*, the Hague Service Convention applies, and Plaintiff should serve Vifor through such means. *Vega Glen*, 359 F. Supp. 2d at 1356.

---

[2] In *Vega Glen*, the French corporate defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. 359 F. Supp. 2d at 1355. And in *McClenon*, the Japanese corporate defendant filed a motion to quash service of process. 726 F. Supp. at 823–24.

The Court recognizes that persuasive case law exists allowing alternative service pursuant to Rule 4(f)(3), even in cases where the Hague Service Convention applies. *See, e.g.*, *Price v. Knauf Gips KG*, No. 8:21-cv-2788-CEH-AAS, 2021 WL 6064817, at *1 (M.D. Fla. Dec. 22, 2021) (granting alternative service on foreign entities in part because defendants had previously been served through Hague Service Convention in severed action, which took two and a half years to effect); *Vanderhoef v. China Auto Logistics Inc.*, No. 2:18-cv-10174-CCC-SCM, 2019 WL 6337908, at *3 (D.N.J. Nov. 26, 2019) (granting alternative service where plaintiffs had previously attempted Hague Service Convention service on Chinese defendants to no avail); *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944, at *3, 5 (E.D. Pa. Dec. 7, 2010) (noting plaintiff made numerous attempts at service on Italian and British defendants before resorting to alternative service under Rule(f)(3)). However, in those cases, the plaintiffs had previously attempted service on the foreign defendants through the Hague Service Convention or some other means before requesting that the court allow alternative service. Fatal to Plaintiff here is the fact that she has not attempted to serve Vifor through the Hague Service Convention, despite the lawsuit's pendency since June of this year, and she has not explained why service has not been attempted.

In support of her position, Plaintiff informs the Court that she previously received permission to alternatively serve Vifor by the exact means requested here in another federal district court. (Doc. 19 at 2.) Plaintiff states that there are approximately 160 cases filed in the Eastern District of Pennsylvania in consolidated litigation stemming from Injectafer. (*Id.*); *see In Re Injectafer Products Liability Litigation*,

2:19-cv-00276-WB (E.D. Pa.) There are also approximately 20 cases filed in the Pennsylvania Court of Common Pleas involving Injectafer. (Doc. 19 at 2–3.) In July 2020, the plaintiff secured an order from the judge presiding over the consolidated federal litigation permitting Plaintiff to serve Vifor through its U.S. based attorney. (*Id.* at 3); *Crockett v. Luitpold Pharms., Inc.*, No. CV 19-276, slip op. at 4–5 (E.D. Pa. July 17, 2020). In that order, the judge determined that "Rule 4(f) contains no hierarchy between the authorized methods for international service as delineated in subsections (1)-(3)" and found it was appropriate to allow the plaintiff to serve Vifor through its attorney. *Crockett*, slip op. at 3–4. The court noted that the plaintiff had already effected Hague Service Convention service on a related entity of Vifor and that to avoid further significant litigation delays, alternative service was appropriate. *Id.* at 4.

While the Court understands that additional delay will result in serving Vifor through the Hague Service Convention, the weight of the caselaw cited by both sides persuades the undersigned this is the appropriate course of action given that Plaintiff has not attempted otherwise to serve Vifor in this case. The Court recognizes that it does not appear that Rule 4(f), or case law interpreting it, necessarily mandates compliance with the Hague Service Convention, and the Eleventh Circuit has not provided guidance on this issue. However, the undersigned concludes that Plaintiff should make an effort to effect Hague Service Convention Service before being allowed to proceed with alternative service. *Accord Int'l Designs Corp., LLC v. Qingdao Seaforest Hair Prods. Co., Ltd.*, No. 17-60431, 2018 WL 2364297, at *3 (S.D. Fla. Jan. 4, 2018).

## III.   CONCLUSION

Upon consideration, Plaintiff's Motion for Alternative Service on Defendant, Vifor (International) AG (Doc. 18) is **DENIED**. Plaintiff **SHALL** serve Defendant Vifor (International) AG through the Hague Service Convention **on or before February 14, 2023**. Plaintiff may move for an extension of this deadline, if necessary. Plaintiff may also renew this Motion if Hague Service Convention service on Vifor is unsuccessful or if circumstances change so that alternate service becomes appropriate.

**DONE** and **ORDERED** in Orlando, Florida on November 14, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE